**STATE, Plaintiff-Appellee, v. JACKSON, Defendant-Appellant.
STATE, Plaintiff-Appellee, v. CENTOFENTI,
Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

Nos. 4594, 4595. Decided October 4, 1951.

414

Ralph J. Bartlett, Pros. Atty., Henry L. Holden, Joseph J. Poorman & Edmund B. Paxton, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

Mayer & Mayer, Columbus, for defendant-appellant, Stanley Jackson.

David C. Stradley, Columbus, for defendant-appellant, Centofenti.

## OPINION

By HORNBECK, PJ.

The appeals are separate and the charges upon which the appellants were convicted and sentenced were separately made. However, the bill of exceptions which is made up by an agreed statement of the court and counsel discloses that it was the theory of the State, supported by the conviction of the defendants, that they were jointly guilty of the offense as charged. The appeals were presented jointly in this court, although the cases are briefed separately. Each appellant urges that the court erred in overruling his motion to dismiss at the close of the State's testimony and that the sentence and judgment were contrary to law and against the weight of the evidence. Appellant Jackson specifically assigns that the court erred in dismissing his motion to dismiss for the reason that the prosecution failed to establish the corpus delicti, and appellant, Centofenti, assigns as error that the court considered facts not in evidence as shown by the court's statement in rendering judgment. Both claim the judgment is against the weight of the evidence. We shall discuss the assignments generally as they relate to both appeals and if necessary, specifically as related to the separate appeals.

Upon the second assignment of error of appellant, Centofenti, that the court considered facts not in evidence as shown by the court's statement we find no exemplification of this claim in the record or in the agreed statement of fact. However, it is asserted that the court made the observation

that he acted upon the testimony of police officers, and that this could not be correct because the incriminating testimony as against both defendants came from one police officer only. If the statement was made by the trial judge, as set out in the brief of counsel for Centofenti, it could not be held to be erroneous because, in part, the trial judge may have properly relied upon the testimony of both police officers, although one only testified as against defendant, Centofenti.

It is urged and briefed extensively that the judgment is not supported by the weight of the evidence because of the admitted intoxicated condition of one or both defendants, and because it did not appear that Centofenti at any time expressly admitted that he had any part in the commission of the crime charged and that upon the whole the State's case is so weak as that it did not afford support for the conviction.

The cause was tried to a judge in the absence of a jury. It is presumed that the judge knew the law controlling the admissibility and probative effect of the testimony offered, and the burden of proof which rested upon the State, and that with respect to all of these matters he acted in a valid and proper manner.

It is not necessary to cite authority to counsel in this case to support the proposition that the credibility of the testimony of the witnesses and the weight to be accorded to their testimony was primarily for the trial judge. So considering the evidence as stipulated we find that there was support in fact and in law for the conviction of both defendants. In this connection it follows, that we hold that the corpus delicti was established; that the offense charged, namely, the breaking and entering in the night season of a certain building in Franklin County, with intent to commit a felony in said building was committed by some person or persons. The owner of the drug store in which it was claimed there was an attempted entrance testified to physical facts tending to support the claim that there had been an attempt to enter the building in the night season on the date set out in the charge. Another witness heard a crash of glass which under the circumstances could be found to have been the glass which was broken in the building of the prosecuting witness. These facts together with others appearing establish the body of the crime. The proximity of the defendants to the place where the attempted entrance must have been made was established in part by the witness who heard the glass crash, by an unknown person who cried, "There they go," and by the apprehension of the defendants in the vicinity where the drug store was located.

The conviction of the defendants may be supported under the rule as announced in **Breese v. State, 12 Oh St 146,** and the law as stated in **Geiger v. State, 70 Oh St 400.** One policeman, Officer Rath, testified that when the defendants were apprehended they were together and at that time when in his presence and in the immediate presence of each other he inquired of them why they broke into the drug store and one of them answered, "I don't know but I think it was because we wanted to get some wine." Although the defendant who made the statement is not identified the language employed by the officer at the time was a direct accusation against both defendants of the commission of the offense charged. One of them, if we believe the officer, as the trial judge had the right to do, made the statement which was an admission of the charge made against him. It was clearly the obligation of the other to speak then and deny the admission. His silence under the situation which required him to speak may be considered as an admission against interest of the material elements of the offense charged. There was some corroboration as against the defendant Jackson of further admission by him upon the testimony of Sergeant Beck.

It is asserted on behalf of Centofenti that this latter testimony was not admissible against him. It is obvious from the record that the trial judge recognized this fact, so stated and manifestly acted upon his ruling.

We recognize the hazard of convicting a defendant where a material element of the offense is established upon nothing more than an admission by silence. Both defendants have criminal records which, no doubt, affected their credibility. If they were not believed nothing remained to refute the statements of the police officers. It is highly probable that the trial judge accorded the defendants every consideration to which they were entitled.

The judgments will be affirmed.

WISEMAN and MILLER, JJ, concur.